[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1232.]

IN RE DISQUALIFICATION OF NIEHAUS.

THE STATE OF OHIO *v*. RINGER.

[Cite as *In re Disqualification of Niehaus*, 2001-Ohio-4107.]

*Judges—Affidavit of disqualification—Judge's receipt of anonymous letter that defendant wants admitted at trial is not reason for disqualifying judge, when.*

(No. 01-AP-069—Decided August 21, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas case No. B0010086.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by Kenneth Lawson, counsel for defendant, seeking the disqualification of Judge Richard Niehaus from further proceedings in the above-captioned case, *State v. Tony Ringer.*

{¶ 2} This affidavit of disqualification arises from Judge Niehaus's receipt of an anonymous letter in March 2001 purporting to exonerate the defendant. According to Judge Niehaus, counsel were advised that the judge received this letter, and the original was provided to police and prosecutors for investigation.

{¶ 3} Prior to the scheduled trial date, affiant included Judge Niehaus on his witness list and issued a subpoena to the judge regarding his receipt of the anonymous letter. After conducting a hearing on July 31, 2001, Judge Niehaus quashed the subpoena on the ground that he has no material evidence to provide relative to the authenticity or admissibility of the anonymous letter. Affiant contends that the judge should be disqualified for several reasons, most notably because he has testimony to offer regarding receipt of the letter and, in quashing the subpoena, has prejudged the letter's admissibility.

**{¶ 4}** Having reviewed the record before me, which includes a transcript of the July 31, 2001 hearing, I cannot conclude that it is necessary to disqualify Judge Niehaus from further proceedings in this case. The record contains the basic facts that affiant hopes to elicit from Judge Niehaus's testimony regarding his receipt and subsequent handling of the anonymous letter. Since there appears to be no disagreement regarding this matter, these facts could be made part of the record by stipulation of the parties or other means without requiring the judge's testimony and attendant disqualification. Moreover, the judge's ruling to quash the subpoena was not a ruling on the admissibility of the letter. Rather, Judge Niehaus simply stated that, should affiant attempt to introduce the letter at trial as exculpatory evidence, affiant would still have to address issues of authentication and admissibility under the Rules of Evidence. Contrary to affiant's claim, these comments cannot reasonably be construed as either an express or implied ruling on admissibility of the letter in question.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Niehaus.

————————————